MCGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>MYRON DEVAL ARMSTRONG,<br><br>               Defendant. | Case No. 2:17-CR-97-GEB<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGULATING DISCOVERY |

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States, by and through Assistant U.S. Attorney James R. Conolly, and Defendant Myron Deval Armstrong, by and through his counsel of record, Peter Kmeto, stipulate and agree, and respectfully request that the Court order as follows:

1. As of the date of this stipulation and order, the United States has produced discovery to the defendant identified at Bates numbers ARMSTRONG_0001-1899.

2. The United States has in its possession additional discovery that it may be required to produce under its discovery obligations, but even if not required, may facilitate the defendant's trial preparation, and which the defendant has requested. This discovery may contain potentially private or personal information of individuals other than the defendant, including telephone numbers and other contact information, as well as financial information. This discovery will be considered and marked as "Protected Material" as described in this stipulation and order.

3. To that end, the purpose of this stipulation and order is to establish the procedures that Defense Counsel, as well as any designated employees, and any other individuals who receive access to any Protected Material in this case and the information therein, must follow.

4. The United States will produce the aforementioned Protected Material to Defense Counsel, designating the discovery with the Bates prefix, "PM_ARMSTRONG." These pages, and any subsequent material the United States produces to Defense Counsel using this Bates prefix, shall be considered Protected Material, and subject to the protections of the attached order. All Protected Material shall also have the phrase "Protected Material" affixed to it.

5. All Protected Material in this case is now and will forever remain the property of the United States. It is entrusted to Defense Counsel for purposes of representing the defendant during trial in this case.

6. Defense Counsel shall not give any Protected Material to any person, other than Defense Counsel's staff assisting in preparation of the present case. The term "staff" shall include only attorneys, paralegals, legal assistants, and investigators assisting Defense Counsel in the present matter. The term excludes any other defendant in this matter (uncharged or otherwise) or any other pending matter against the defendant; any other counsel or professional hired, retained, or otherwise working on behalf of the defendant; any person involved in any case in which discovery concerning the defendant is produced; and any other person other than those specifically authorized to see Protected Material under this paragraph.

7. Any person receiving access to the Protected Material from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not give any Protected Material to anyone.

8. No members of the defendant's family, friends of the defendant, the defendant's personal or professional associates, or any other person affiliated with the defendant shall be given access to any Protected Material or its contents in any manner, for any reason.

9. Defense Counsel may make copies of Protected Material and may take written or typed notes summarizing it in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of Protected Material transcribed.

All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Material comprises "Protected Material" itself, must be affixed with the corresponding bates numbers and the "Protected Material" ledger, and is subject to all terms of this stipulation and order.

10. Defense Counsel shall maintain a list of persons to whom any Protected Material is being or has been given. Such persons shall be provided with a copy of the executed version of this stipulation and order, shall sign their full names to a copy, and shall in writing acknowledge that they understand its terms and are bound by it. If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to any Protected Material until and unless they sign a copy of this stipulation and order, under the terms described in this paragraph.

11. Defense Counsel may use the Protected Material in the defense of the defendant in the instant case in any manner deemed essential to represent him properly (*i.e.*, in motions that are filed under seal, if necessary; in ex parte applications as may be needed; and in reproducing and summarizing Protected Material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with this stipulation and order.

12. In the event Defense Counsel needs to use any Protected Material in a manner not authorized under this stipulation and order, Defense Counsel is entitled to seek to have this stipulation and order amended by the District Court, after having given notice to counsel for the United States, in a hearing before the District Court, in order to meet the obligations under the Sixth Amendment to the United States Constitution.

13. Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with Defendant the contents of the Protected Material. Defense Counsel and authorized members of his staff, however, are prohibited from in any way giving the defendant any Protected Material or any memorialization of the content of any of it, such as: any of the Protected Material itself; copies of any of the Protected Material; copies of excerpts of any of the Protected Material; or summaries, notes, or excerpts of any of the Protected Material. This prohibition will not extend to the defendant viewing the Protected Material in open court should any of these materials or summaries thereof be used in the litigation of this case.

14. Within thirty days of the finality of the instant case against Defendant, whether by (i) sentencing of Defendant pursuant to a plea agreement, (ii) dismissal of the case, or (iii) exhaustion of Defendant's appellate rights, Defense Counsel shall return to the United States any and all copies of all Protected Material, destroy the Protected Material, or seal the Protected Material in a secure location until such time as any of Defense Counsel's document retention obligations under law or professional ethics rules or regulations require, and then destroy it.  Once Defense Counsel has chosen one of the actions described in this paragraph, Defense Counsel will so certify to the undersigned Assistant U.S. Attorney in writing immediately.

IT IS SO STIPULATED.

Dated:  September 27, 2018        McGREGOR W. SCOTT
                                  United States Attorney

                                  /s/ *James R. Conolly*
                                  JAMES R. CONOLLY
                                  Assistant United States Attorney

Dated:  September 27, 2018        /s/ *Peter Kmeto*
                                  PETER KMETO
                                  Counsel for Defendant
                                  Myron Deval Armstrong

# **O R D E R**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the Protective Material as defined in the stipulation in this case.

IT IS SO FOUND AND ORDERED

September 28, 2018
Date

THE HONORABLE ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE