McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:17-CR-00097-GEB |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; [PROPOSED] FINDINGS AND ORDER |
| v. | |
| MYRON D. ARMSTRONG, | |
| Defendant. | DATE: January 4, 2019<br>TIME: 9:00 a.m.<br>COURT: Hon. Garland E. Burrell, Jr. |

**STIPULATION**

1. By previous order, this matter was set for status on January 4, 2019.

2. By this stipulation, the parties move to continue the status conference until March 8, 2019, and to exclude time between January 4, 2019, and March 8, 2019, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) On May 3, 2018, the government filed a Superseding Indictment adding an additional count for structuring currency transactions, in violation of 31 U.S.C. § 5324(a)(3).

   b) Related to this new count, the government produced approximately 1,400 pages of financial records to the defendant, which is in addition to the earlier discovery in the form of investigative reports, related documents, and related photographs.

   c) On October 5, 2018, the government produced further discovery in the form of additional financial documents, cell phone location tracking data, and telephone toll logs. The

defendant still requires time to review all of the foregoing, discuss with his counsel, and pursue investigation.

        d)    Counsel for the defendant believes that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

        f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 4, 2019 to March 8, 2019, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 3, 2019                                    MCGREGOR W. SCOTT
                                                                  United States Attorney

                                                                  /s/ JAMES R. CONOLLY
                                                                  JAMES R. CONOLLY
                                                                   Assistant United States Attorney

Dated:  January 3, 2019                                      /s/ PETER KMETO
                                                                 PETER KMETO
                                                                  Counsel for Defendant
                                                                  Myron D. Armstrong

**[PROPOSED] FINDINGS AND ORDER**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefore, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.

The Court orders the time from the date the parties stipulated, up to and including March 8, 2019, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) (Local Code T4). It is further ordered that the January 4, 2019 status conference shall be continued until March 8, 2019, at 9:00 a.m.

IT IS SO FOUND AND ORDERED this ____ day of _____, _____.

THE HONORABLE GARLAND E. BURRELL, JR.
UNITED STATES DISTRICT JUDGE