PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:17-CR-97-TLN |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MYRON DEVAL ARMSTRONG, | DATE: September 23, 2021 |
| Defendant. | TIME: 9:30 a.m. |
| | COURT: Hon. Troy L. Nunley |

**BACKGROUND**

This case is set for a status conference on September 23, 2021.  By this stipulation and proposed order, the parties respectfully request that the Court continue the status conference until November 18, 2021.  To the extent it is needed, this stipulation supplements the basis for exclusion of time under the Court's General Orders addressing public health concerns, and requests that the Court also exclude time between September 23, 2021, and November 18, 2021, under Local Code T4, for the reasons set forth below.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any

judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

1   following the September 11, 2001 terrorist attacks and the resultant public emergency).

2        The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

3   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

4   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

5   continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

6   1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

7   detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

8   speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

9   population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

10  of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

11  (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

12  and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

13       In light of the foregoing, this Court should consider the following case-specific facts in finding

14  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

15  (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

16  *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

17  "specifically limited in time").

18                    **STIPULATION**

19       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

20  through defendant's counsel of record, hereby stipulate as follows:

21       1.     By this stipulation, defendant now moves to continue the status conference until

22  November 18, 2021, at 9:30 a.m., and to exclude time between September 23, 2021, and November 18,

23  2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

24       2.     The parties agree and stipulate, and request that the Court find the following:

25            a)     Defense counsel requires further time to prepare.  Discovery in this case has been

26            voluminous, including approximately 1,400 pages of financial records, in addition to

27            investigative reports, related documents, photographs, cell phone location tracking data, and

28            telephone toll logs.  All of this discovery has been either produced directly to counsel or made

available for inspection and copying.

b)      Defense counsel has recently substituted into this case.  He is in the process of reviewing the discovery and getting up to speed.  Counsel also plans to conduct an independent investigation as to the facts of the case.

c)      Counsel will also need time to consult with his client, to review the current charges, to conduct the planned investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

d)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e)      The government does not object to the continuance.

f)      In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because defense counsel's investigative efforts will no doubt be slowed by health and safety restrictions at various buildings and institutions defense counsel will be required to visit. This is in addition to any delays that the pandemic may cause in defense counsel's effort to meet with and interview potential witnesses.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 23, 2021 to November 18, 2021, inclusive, is deemed excludable pursuant to this Court's General Orders, due to the public health concerns created by the COVID-19 pandemic, as well to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the

1 public and the defendant in a speedy trial.

2     3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

3 Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

4 must commence.

5     IT IS SO STIPULATED.

6

7

8 Dated:  September 21, 2021           PHILLIP A. TALBERT
    Acting United States Attorney

9

10     /s/ JAMES R. CONOLLY
    JAMES R. CONOLLY

11     Assistant United States Attorney

12

13 Dated:  September 21, 2021           /s/ MARK J. REICHEL
    MARK J. REICHEL

14     Counsel for Defendant
    MYRON DEVAL ARMSTRONG

15

16

17 **FINDINGS AND ORDER**

18     IT IS SO FOUND AND ORDERED this 21st day of September, 2021.

19

20

21

22

23     Troy L. Nunley
    United States District Judge

24

25

26

27

28